16-3093
Fernandez Cruz v. Whitaker

BIA
Loprest, IJ
A201 242 181

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

CECILIO FERNANDEZ CRUZ, AKA
CECILIO FERNANDEZ,
> *Petitioner,*

> v.                                            16-3093
>                                               NAC

MATTHEW G. WHITAKER, ACTIN
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Zachary Sanders, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Principal Deputy
                       Assistant Attorney General;
                       Stephen J. Flynn, Assistant
                       Director; Arthur L. Rabin, Trial
                       Attorney, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Cecilio Fernandez Cruz ("Cruz"), a native and citizen of El Salvador, seeks review of an August 8, 2016 decision of the BIA affirming a December 14, 2015 decision of an Immigration Judge ("IJ") denying Cruz's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cecilio Fernandez Cruz,* No. A201 242 181 (B.I.A. Aug. 8, 2016), *aff'g* No. A201 242 181 (Immig. Ct. N.Y. City Dec. 14, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Cruz argues that he stated a pattern or practice claim for withholding of removal based on his membership in a particular social group. Specifically, he argues that he offered evidence showing that gangs target young men who resist gang recruitment. The Government argues that Cruz failed to exhaust a pattern or practice claim before the agency. But we conclude that remand is warranted here because whether Cruz is a member of a particular social group and whether he showed a pattern or practice of persecution

2

require substantially the same analysis. By arguing the former before the IJ and BIA, Cruz sufficiently raised a pattern or practice claim and the BIA erred by failing to address it on the merits.

Withholding of removal requires the applicant to show that it is more likely than not that his "life or freedom would be threatened . . . on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *In re M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014). Although a "'particular social group' cannot be defined exclusively by the claimed persecution," *id.*, 26 I. & N. Dec. at 232, 239, we have previously recognized instances where a social group can be partially defined by shared persecution, *see Paloka v. Holder*, 762 F.3d 191, 198-99 (2d Cir. 2014) (remanding for further consideration of purported social group based on youth, gender, and persecution). An applicant may show he would more likely be persecuted by proving his membership in

a social group and "the existence of 'a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of . . . membership in [the] particular social group[.']" *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 565 (2d Cir. 2006) (quoting 8 C.F.R. § 208.16(b)(2)).

In this case, the analyses of the social group claim and pattern or practice claim overlap. Cruz failed to invoke the specific words "pattern or practice" in his briefs before the IJ and BIA and raises the claim by name for the first time in his brief to this Court. But Cruz argued before the IJ that that he was a member of a particular social group of young, poor, men targeted by gangs in El Salvador because of their refusal to join them, and he argued before the BIA that gangs targeted poor people who resisted gang recruitment. He also submitted evidence, which he alleges shows the existence and persecution of this group. By establishing this group as a "particular social group" and the basis for his withholding claim, Cruz would, in essence, establish a pattern or practice of persecution of the members of that group. *See Kyaw Zwar Tun*, 445 F.3d at 565.

Given the overlapping analyses, the BIA has failed to address the dispositive issue: whether Cruz showed that he

4

would more likely than not be persecuted on account of his group membership. Remand would not be futile because the BIA did not address the pattern or practice claim and declined to reach the IJ's finding that "young, poor men who resist gang recruitment" did not constitute a particular social group. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006). Accordingly, we remand for the BIA to more fully consider Cruz's fear of future persecution on account of his allegations that he will be persecuted on account of his group membership.

For the foregoing reasons, the petition for review is GRANTED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```